UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARED BRIKSZA,

        Plaintiff,

v.

WHOLE FOODS MARKET, INC.,
STEVE OSBORNE,
ROCIO CARDENAS,
MERYL FELSEN, *et al*.,

        Defendants.
_____/

Case No. 2:21-cv-10621
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS BUT GRANT THEIR REQUEST FOR A MORE DEFINITE STATEMENT (ECF No. 8)**

**I.    RECOMMENDATION:** The Court should **DENY** Defendants' motion to the extent it seeks dismissal but **GRANT** the request for a more definite statement. (ECF No. 8.) Specifically, the Court should "require Plaintiff to amend his Complaint to provide a more definite statement." (*Id*., PageID.50.)

**II.    REPORT:**

    **A.    Background**

Jared Briksza initiated this lawsuit *in pro per* against Whole Foods Market, Inc., Steve Osborne, Rocio Cardenas, and Meryl Felsen, as well as 12 "unknown culpable parties." (ECF No. 1, PageID.1, 21-22.) The facts underlying this matter

stem from Plaintiff's alleged employment as a manager of the Seafood Department at Whole Foods's Ann Arbor, MI location. (ECF No. 1, PageID.3-10 ¶¶ 1-25.)

Plaintiff has paid the filing fee, and the named Defendants have appeared via counsel. (ECF Nos. 6, 7.)

### B. Pending Dispositive Motions

Judge Edmunds has referred this case to me for all pretrial matters. (ECF No. 9.) Currently before the Court is Defendants' July 9, 2021 motion to dismiss for failure to state a claim or, alternatively, for more definite statement. (ECF No. 8.) Plaintiff has filed a response (ECF No. 11), and Defendants have filed a reply (ECF No. 12.)

### C. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of

2

the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[1]

---

[1] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic

3

### D. Discussion

### 1. Plaintiff has identified the parties to this lawsuit, the basis or bases for jurisdiction, and the relief sought.

Preliminarily, although he appears *in pro per*, Plaintiff seems knowledgeable of at least some of his obligations under the Federal Rules of Civil Procedure related to the general rules and form of pleadings. First, Plaintiff properly lists the named Defendants in the caption of his pleading and, for some of the individuals, he also provides a job title. (*See* ECF No. 1, PageID.1, 21-22.) Also, Plaintiff lists the addresses of the named Defendants: (1) Whole Foods's World Headquarters address in Austin, TX; (2) Osborne's address at Whole Foods on Washtenaw Avenue in Ann Arbor, MI; (3) Senior HR Representative Rocio Cardenas's address at Whole Foods's Midwest Regional Office in Chicago, IL; and (4) Senior HR Representative Felsen's address at Whole Foods's World Headquarters in Austin, TX. (*Id.*, PageID.21-22.)[2] Thus, Plaintiff has complied with Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Second, Plaintiff seems to assert both federal question – 28 U.S.C. § 1331 – and diversity of citizenship – 28 U.S.C. § 1332 – as the jurisdictional bases of his complaint.

---

pleading requirements, including Rule 12(b)(6).").

[2] (*See also* https://www.wholefoodsmarket.com/company-info/national-regional-offices.)

(*Id*., PageID.2, 24.)  However, the complaint makes multiple references to 21 U.S.C. § 399d ("Employee protections") and EEO (presumably 42 U.S.C. §§ 2000e-2000e-7), and the cover sheet characterizes the "nature of suit" as "labor litigation" and the brief description of the cause of action as "wrongful termination."  (*Id*., PageID.2, 3, 11, 17, 24.)  Therefore, the Court assumes these references to federal law constitute "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" Fed. R. Civ. P. 8(a)(1).  Third, Plaintiff provides a lengthy, nineteen-paragraph prayer for relief.  (*Id*., PageID.17-21 ¶¶ a-s.)  Accordingly, he has provided "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

### 2. Although Plaintiff's claims need clarification, the Court should not dismiss the complaint.

Defendants correctly observe that Plaintiff's complaint contains numbered and unnumbered paragraphs.  (ECF No. 8, PageID.41 ¶ 1, 47.)  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  The rule further provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." (*Id*.)  While Plaintiff's factual allegations appear in

numbered paragraphs (ECF No. 1, PageID.3-10, ¶¶ 1-25), Plaintiff's eleven causes of action are contained in unnumbered paragraphs (ECF No. 1, PageID.10-17).

More importantly, Defendants argue that Plaintiff's complaint should be dismissed, because it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). (ECF No. 8, PageID.41 ¶ 2.) In response, Plaintiff summarizes that, "[a]fter nearly a decade of top tier evaluations and raises, Plaintiff suddenly becomes a 'bad employee' shortly after making complaints warning of danger to Whole Foods Customers and a loss of profit[,]" and, similarly, that:

> Plaintiff, a near decade long employee, in the midst of being trained for another promotion, makes multiple complaints warning of potentially lethal dangers to Whole Foods Customers and the on-going loss of company profit, as well as Plaintiff making complaints regarding, including, being harassed and retaliated against, then, shortly thereafter, Plaintiff is wrongfully terminated on a demonstrably false allegation.

(ECF No. 11, PageID.55 ¶ 3, 57 ¶ 10.)

However, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Defendants acknowledge Plaintiff's use of the terms "wrongful discharge," "wrongful termination," and "retaliation," but contend they "are left to guess at the . . . causes of action invoked." (ECF No. 8, PageID.47-49, ECF No. 12, PageID.62-63.) Plaintiff attempts to address some of his causes of

6

action within his response (ECF No. 11, PageID.54-57 ¶¶ 2, 5, 6, 7, 8, 9), but there is a difference between making factual allegations and pleading causes of action. For example, in his motion response, Plaintiff states: "There is no mystery as to what the Defendants are being charged with, including Wrongful Termination and Retaliation for firing a long time employee who was being trained for yet another promotion." (ECF No. 11, PageID.54 ¶ 2.) Yet, the *legal bases* for such claims are not clear. True, the introduction of the complaint refers to, *inter alia*, 21 U.S.C. § 399d ("Employee protections"), the Food Safety Modernization Act (presumably 21 U.S.C. §§ 2201-2252), OSHA (presumably 29 U.S.C. §§ 651-678), and EEO (presumably 42 U.S.C. §§ 2000e-2000e-7) (ECF No. 1, PageID.2). Still, it seems that only a sole, specific statutory reference – 21 U.S.C. § 399d – appears within the first of Plaintiff's eleven causes of action, wherein Plaintiff highlights the words, "Plaintiff's Wrongful Termination." (ECF No. 1, PageID.10-11). If Plaintiff intended the First Cause of Action to invoke Section 399d(b)(4)'s "whistleblower protection for employees in food and drug industries[,]" *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259, 1262 n.3 (D. Minn. 2014), it is not clear whether Plaintiff first filed "a complaint with the Secretary of Labor . . . alleging such discharge or discrimination and identifying the person responsible for such act[,]" Section 399d(b)(1). "The act of 'filing an administrative complaint with[ ] … the Secretary' of Labor is a 'jurisdictional prerequisite' to bringing a

7

Section 399d retaliation claim in federal court." § 7:43. Whistleblower protections, 1 Food and Drug Admin. § 7:43 (2021) (citing 29 C.F.R. § 1987.114 ("District court jurisdiction of retaliation complaints.").) More to the point, the Court and the defendants should not be left to guess which legal duty was allegedly breached or the facts which lead to that allegation.

      To the extent any of Plaintiff's eleven causes of action are based on a *federal statute*, Defendants are entitled to know which one, so that they may properly answer the complaint and/or present a defense. For example, instead of the Tenth Cause of Action generally citing "Equal Employment Opportunity Laws," (ECF No. 1, PageID.16), Plaintiff should specify which one, *see*, *e.g.*, 42 U.S.C. §§ 2000e-2000e-7 and the factual basis for the alleged statutory breach. The same can be said of the First and Eleventh Cause of Action's allegations of "wrongful termination" or any cause of action for which Plaintiff relies upon "*state law*," although the references to "state law" seem to appear only in the prayer for relief. (ECF No. 1, PageID.18-21.) Neither the Court nor the defendants should be left to ask, "Which state law might that be?" Nor should the Court or opposing parties be left to wonder about which specific "U.S. Law, Code and or statute" (ECF No. 1, PageID.17) Defendants are alleged to have violated . . . or how they allegedly did so.

8

Additionally, Plaintiff attempts to allege conspiracy in his Second Cause of Action; still, if he seeks to allege an independent claim of conspiracy (as opposed to some general use of the word conspiracy to describe wrongdoing), such claims can be based on various federal or state statutes or common law. *See*, *e.g.*, 42 U.S.C. § 1985 ("Conspiracy to interfere with civil rights"), Mich. Comp. Laws Ann. § 37.2701 ("Violations of act; conspiracy"), *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313, 486 N.W.2d 351, 358 (1992) ("A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means."). Defendants cannot fairly be expected to respond to a statutory cause of action for which the statutory basis is unclear or to an allegation of civil conspiracy for which they cannot identify the underlying "criminal or unlawful purpose," or the "lawful purpose [accomplished] by criminal or unlawful means." *Admiral Ins. Co.*, 194 Mich. App. at 313, 486 N.W.2d at 358.

Also, where Plaintiff seemingly attempts to allege breach of the employment contract (Third Cause of Action), libel, slander or defamation (Fifth Cause of Action), or negligence (Seventh and Ninth Causes of Action), these are *common law* claims for which Plaintiff must also plead the respective elements. *See*, *e.g.*, *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449 (1993) ("The requisite elements of a negligence cause of action are that the defendant owed a legal duty to

9

the plaintiff, that the defendant breached or violated the legal duty, that the plaintiff suffered damages, and that the breach was a proximate cause of the damages suffered."). And Plaintiff may not simply make a conclusory allegation that Defendants breached some unidentified duty; he must *identify* the duty and *how* it was allegedly breached, and he must do so plausibly. *Iqbal*, 556 U.S. at 678-679 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Finally, Plaintiff highlights the phrase "malice aforethought" within his Fourth, Sixth, and Eighth Causes of Action, but this term was generally used in the context of murder. *See*, *e.g.*, *People v. Woods*, 416 Mich. 581, 626–27, 331 N.W.2d 707, 727 (1982) ("Rather than describing malice aforethought as a requisite element of murder, the trial courts should indicate the states of mind required for murder—the intent to kill, to cause great bodily harm, or to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.").

In sum, while Plaintiff's factual complaints are generally easy to understand, the legal bases of several of his causes of action and the connection between the facts and the legal bases are unclear. Thus, while the Court can speculate as to some of his eleven causes of action, the complaint does not provide enough

information for Defendants to have notice of the legal claims against them. Put another way, "[t]he trial and appellate courts should not have to guess at the nature of the claim [or claims] asserted[,]" *Wells*, 891 F.2d at 594; nor should the defendants who must respond to them.

### 3. Plaintiff should be permitted to clarify his claims by filing a more definite statement in the form of an amended complaint.

Rather than dismissing Plaintiff's lawsuit, the Court should grant Defendants' alternative request – "require Plaintiff to amend his Complaint to provide a more definite statement." (ECF No. 8, PageID.42.) The relevant rule provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e) ("Motion for a More Definite Statement.").

While the Undersigned disagrees with Defendants' characterization of Plaintiff's complaint as a "completely indecipherable pleading," (ECF No. 12, PageID.61), I agree that it would be difficult for Defendants to respond to Plaintiff's eleven causes of action (ECF No. 1, PageID.10-17), not only because

they are unnumbered, but more importantly because Plaintiff "should be required to plead the legal elements of his causes of action," so that Defendants "can understand the claims asserted and reasonably provide a response." (ECF No. 8, PageID.49-50.) In fact, Plaintiff seems agreeable to the approach of filing an amended complaint. (ECF No. 11, PageID.58 ¶ 13.)[3]

### E. Conclusion

For the reasons stated above, the Court should **DENY** Defendants' motion, to the extent it seeks dismissal, but **GRANT** the request for a more definite statement. (ECF No. 8.). If the Court agrees that Plaintiff should be required "to amend his Complaint to provide a more definite statement[,]" (*id.*, PageID.50), then Plaintiff should be directed to file an amended complaint that complies with the rules of pleading – specifically Fed. Rules Civ. P. 8 and 10 – and addresses the

---

[3] Nonetheless, at this point, the Court should deny Plaintiff's request to require Defendants "to make their lawful answer[,]" (ECF No. 11, PageID.58 ¶ 14), at least as it relates to the original complaint (ECF No. 1). If the Court accepts this recommendation and directs Plaintiff to file his more definite statement in the form of an amended complaint, Plaintiff should be aware that "[n]ormally, an amended complaint *supersedes* the original complaint." *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) (emphasis added). *See also* E.D. Mich. LR 15.1 ("[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, *must*, except by leave of court, *reproduce the entire pleading as amended*, and may not incorporate any prior pleading by reference.") (emphases added). Once an amended complaint is filed, Defendants will be required to respond and/or present defenses and objections in accordance with Fed. R. Civ. P. 12. *See also* Fed. R. Civ. P. 15(a)(3) ("Time to Respond.").

shortcomings identified above, including but not limited to: (1) numbering all paragraphs, including the ones within the causes of action; (2) ensuring that the legal basis for each cause of action is clear; and, (3) providing the factual underpinnings for each cause of action.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 13, 2021

/s/ Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE