UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARED BRIKSZA,

Plaintiff,

v.

WHOLE FOODS MARKET INC.,
STEVE OSBORNE,
ROCIO CARDENAS,
MERYL FELSEN, *et al.*,

Defendants.
_________________________________/

Case No. 21-10621

Honorable Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

*Pro per* Plaintiff Jared Briksza initiated this lawsuit on March 11, 2021 against Whole Foods Market, Inc., Steve Osborne, Rocio Cardenas, and Meryl Felsen, as well as 12 "unknown culpable parties." (ECF No. 1, PageID.1, 21-22.) Plaintiff's complaint sets forth general factual allegations regarding his employment as a Seafood Department Manager and attempts to set out eleven causes of action related to Plaintiff's alleged wrongful termination. Nevertheless, the legal bases for these causes of action are not entirely clear. (*See* Report and Recommendation, ECF No. 13, PageID.71, adopted by ECF No. 14.)

On March 23, 2021, Plaintiff was ordered to either pay the civil case filing fee or file an application to proceed in forma pauperis within 14 days. (ECF No. 3.) Plaintiff took no action before the deadline, but eventually paid the filing fee on April 15, 2021.

The named Defendants responded to Plaintiff's complaint by filing a motion to dismiss, or in the alternative, a motion for a more definite statement of Plaintiff's claims pursuant to Fed. R. Civ. Pro. 12(e). (ECF No. 8.) Plaintiff opposed Defendants' motion, but indicated his willingness to file an amended complaint if the Court ordered him to do so. (ECF No. 11, PageID.58.) The Magistrate Judge then issued a report recommending that the Court deny Defendants' motion to dismiss, but grant Defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[1] (ECF No. 13.) No objections were received from either party. On December 8, 2021, this Court accepted and adopted the Report and Recommendation and ordered Plaintiff to file an amended complaint that clarifies the legal bases of his claims within 30 days. (*Id.*, PageID.80-81.)

When Plaintiff still had not filed an amended complaint three months later, the Magistrate Judge entered an order requiring Plaintiff to show cause in writing by March 31, 2022 why (1) he failed to comply with the order to give a more definite statement; and (2) this case should not be dismissed for failure to prosecute. (ECF No. 15.) Plaintiff was warned that failure to comply with the order to show cause may result in his recommendation that the case be dismissed with prejudice. (ECF No. 15, PageID.83.) Plaintiff did not file any document by March 31, 2022, and even as of today, has not filed anything in response to the order to amend the complaint or the Magistrate Judge's

[1] Federal Rule of Civil Procedure 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

order to show cause. Thus, Plaintiff did not comply with the Court's orders and has not shown cause why this case should not be dismissed with prejudice for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2.

There are four factors that a district court considers in dismissing a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). "Although typically none of the factors is outcome dispositive ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* At 363.

Here, Plaintiff's conduct constitutes a clear record of delay supporting dismissal for failure to prosecute. Plaintiff missed the deadline to pay the filing fee and now has been completely silent since filing his response to Defendants' motion nearly eight months ago. Plaintiff had ample opportunity to file an amended complaint, or following the Magistrate Judge's March 7, 2022 show cause order, to demonstrate why he needed more time. Nevertheless, Plaintiff neglected to pursue his case. This conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing [his] claim[s], which indicates an intention to let [his] case lapse." *Shafer v. City of Defiance Police Dept.*, 529 F.3d 731, 739 (6th Cir. 2008). This factor supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

The Court also finds that the named defendants in this action were prejudiced by Plaintiff's dilatory conduct. "A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued. Delay may also make it more difficult to mount an effective defense." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993). Plaintiff initiated this action over one year ago, yet the Court and Defendants must still "guess at the nature of the claim [or claims] asserted," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), due to Plaintiff's defective complaint and his failure to file a clarifying amended complaint. As the Magistrate Judge noted in his Report and Recommendation, Defendants are unable to properly answer the current complaint or prepare a defense since they are unaware of the federal statutes they are accused of violating. (ECF No. 13, PageID.72.) Thus, this factor also supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

An additional factor in determining failure to prosecute is whether Plaintiff was put on "notice that dismissal is contemplated." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). The Magistrate Judge's March 7, 2022 show cause order specifically informed Plaintiff that this case could be dismissed with prejudice if Plaintiff failed to comply with the order by March 31, 2022. (ECF No. 15, PageID.83.) Plaintiff failed to respond by the March 31 deadline and, even until today, has not responded or contacted the Court to ask for an extension. Plaintiff was also made aware that Rule 12 allows a Court to strike an offending pleading if the Court orders a more definite statement and that order is not obeyed. (ECF No. 13, PageID.75 (quoting Fed. R. Civ.

P. 12(e).)) This factor therefore also supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

The final factor in determining failure to prosecute is whether this Court considered other lesser sanctions before dismissal. The Sixth Circuit, however, has "never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available sanctions." *Shafer*, 529 F.3d at 738. Where, as here, "a pro se plaintiff has 'failed to adhere to readily comprehended court deadlines of which he [is] well-aware,' [dismissal for failure to prosecute] is appropriate." *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Thus, although dismissal is the first sanction in this case, it is also the appropriate sanction given Plaintiff's lack of any action or communication since August 2021 and the Court's notice that case dismissal was being contemplated. This final factor therefore weighs in favor of a finding that Plaintiff failed to prosecute his case.

Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted). "A district court must be given substantial discretion in serving these tasks." *Id.* Accordingly, for the reasons set forth

above, the case is dismissed with prejudice for Plaintiff's failure to prosecute.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 19, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager